IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: SIDNEY R. MILLER,                    )
                                            )      No. 10 C 4432
                    Appellant/ Debtor.      )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court is debtor/appellant Sidney Miller's ("Miller") appeal under 28

U.S.C. § 158(a) from the bankruptcy court's May 11, 2010 order in case number 10 B 11741,

Judge A. Benjamin Goldgar presiding, granting the Trustee's motion to dismiss for failure to file

documents pursuant to 11 U.S.C. §§ 521, 1307, 349(a) and Federal Rule of Bankruptcy

Procedure 3015.  For the reasons set forth below, the bankruptcy court's May 11, 2010 order is

affirmed.

BACKGROUND

On March 18, 2010, Miller filed his Chapter 13 bankruptcy petition in the United States

Bankruptcy Court for the Northern District of Illinois.  (Case No. 10 B 11741 (Dkt. No. 1).)

Michael E. Fryzel, Esq., attempting to recover unpaid attorney's fees, was listed as the sole

creditor on the petition.  (*See* Case No. 10 C 4432 (Dkt. No. 12 ("Miller's App. Br.") at 2).)

Miller's Chapter 13 schedules and plan were due by April 1, 2010, pursuant to Federal Rule of

Bankruptcy Procedure 1007.  (Case No. 10 B 11741 (Dkt. No. 1).)  In accordance with 11 U.S.C.

§ 341(a), a creditors meeting was scheduled for April 15, 2010.  (*Id.* (Dkt. No. 2).)

On March 30, 2010, Miller filed a motion to extend his deadline to file the Chapter 13 schedules and plan, asserting that he could not file these documents until he met with his accountant. (*Id.* (Dkt. No. 10).) On April 6, 2010, the bankruptcy court granted Miller's motion and extended the deadline to file the necessary documents to April 22, 2010. (*Id.* (Dkt. No. 11).) Recognizing that the § 341(a) creditors meeting remained set for April 15, 2010, the bankruptcy court counseled Miller to attend the meeting and to request a new meeting date from the Trustee if Miller's materials were still not on file at that time. (Case No. 10 C 4432 (Dkt. No. 9 ("4/6/2010 Hr'g. Tr.") at 3:12-4:17).)

The § 341(a) creditors meeting was held, albeit briefly, on April 15, 2010. (*See* Miller's App. Br. 4.) Miller failed to file the required documents before the meeting, and the Trustee, Marilyn O. Marshall, filed a motion to dismiss on April 16, 2010 for failure to file the required documents under 11 U.S.C. § 521(a)(1). (*Id.*; *see also* Case No. 10 B 11741 (Dkt. No. 12).) On April 20, 2010, the Trustee filed a second motion to dismiss based on Miller's alleged lack of cooperation at the April 15 creditors meeting, asserting that Miller "refused to disclose his true address and falsely testified that he 'was not prepared' to answer the question as to where he lives and resides, what he owns and who he owes." (Case No. 10 B 11741 (Dkt. No. 13) ¶ 10.)

On April 22, 2010, Miller filed a second motion to extend the deadline to file his Chapter 13 schedules and plan. (*Id.* (Dkt. No. 15).) Miller subsequently filed a third motion to extend the deadline on May 3, 2010. (*Id.* (Dkt. No. 16).) In his May 3, 2010 motion to extend the deadline, Miller argued that he could not prepare his schedules without certain missing federal income tax returns related to currency exchanges that Miller owned. (*Id.* ¶ 1.) Because the currency exchanges had entered into receivership in 2003, Miller alleged that his ability to

recover his missing tax returns was beyond his control. (*Id.* ¶¶ 2, 5-8.) Miller explained that he came to this understanding after meeting with various IRS agents on April 26, 2010. (*Id.* ¶ 6.) In addition to the extension of time, Miller asked the bankruptcy court to establish an adversary proceeding "to allow recovery of Exchanges' tax returns from the Illinois Division of Financial Institutions ("IDF") or Receiver Barry Shack." (*Id.* ¶ 9.) All four motions—the Trustee's two motions to dismiss and Miller's two motions for an extension of the filing deadline—were scheduled for a hearing before the bankruptcy court on May 11, 2010. (*Id.* (Dkt. No. 17).)

At the May 11, 2010 hearing, the bankruptcy court's questioning initially focused on the April 15 creditors meeting. (Case No. 10 C 4432 (Dkt. No. 9) ("5/11/2010 Hr'g Tr.") at 2-4.) Anthony Olivadoti, on behalf of the Trustee, stated that Miller refused to answer questions about the address listed on his petition and was unprepared to answer any questions about his property. (*Id.* at 3:13-20.) Miller claimed he "was not prepared" to answer the address question at the April 15 creditors meeting because "[t]he petition is nonspecific as to which address is being requested" and he was "a little concerned about [counsel for the creditor's] disclosure to nonparties not at the [April 15 creditors meeting]" because of previous burglary incidents at Miller's offices. (*Id.* at 4:2-22.) Miller also contended that the Trustee terminated the meeting after the initial residency question. (*Id.* at 6:7-25.)

Noting that Miller's Chapter 13 schedules and plan "still [hadn't] been filed" and concluding that Miller was not "pursuing this [bankruptcy case] in the proper spirit," the bankruptcy court (1) granted the Trustee's motion to dismiss for failure to file the requisite documents, and (2) dismissed as moot Miller's motions for time extensions as well as the Trustee's motion to dismiss for lack of cooperation at the April 15 creditors meeting. (*Id.* at 7:1-

3

6; Case No. 10 B 11741 (Dkt. Nos. 18–21).)  The bankruptcy court rejected Miller's explanation

for his failure to file the documents, stating "I don't see what relevance [the 2003 receivership of

the currency exchanges] [has] to do with this case."  (5/11/2010 Hr'g Tr. at 5:7-17.)  Miller filed

his notice of appeal on June 29, 2010 after being granted an extension of time to do so.  (Case

No. 10 B 11741 (Dkt. No. 27).)

## LEGAL STANDARD

A district court reviewing a bankruptcy court's ruling on appeal examines findings of fact

for clear error and legal conclusions de novo.  *Tidwell v. Smith*, 582 F.3d 767, 777 (7th Cir.

2009).  Under a clear error review, this court must not reverse unless it is "left with the definite

and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333

U.S. 364, 395 (1948).  A decision left to the discretion of the bankruptcy court is reviewed under

an abuse of discretion standard.  *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir.

2009).  "Generally speaking, a court abuses its discretion when its decision is premised on an

incorrect legal principle or a clearly erroneous factual finding, or when the record contains no

evidence on which the court rationally could have relied."  *FCC v. Airadigm Communs., Inc.*,

616 F.3d 642, 652 (7th Cir. 2010).

## ANALYSIS

### 1.  Mootness

The initial issue before this court is whether Miller's appeal is moot.  If an appeal is

moot, this court generally cannot address the issues before it.  "A case is moot when it no longer

presents a live case or controversy."  *Belda v. Marshall*, 416 F.3d 618, 620 (7th Cir. 2005).  A

party must have standing for each form of relief sought during every stage of litigation.  *Parvati*

*Corp. v. City of Oak Forest*, No. 09-1107, 2010 WL 5185835, at *3 (7th Cir. Dec. 23, 2010). In other words, "[t]he requisite interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

The Trustee argues that this appeal is moot because Miller has a pending Chapter 13 case in the bankruptcy court. (Case No. 10 C 4432 (Dkt. No. 13 ("Trustee's Resp.") at 5).) While the Trustee's statement was true at the time of her response, Miller's case before Judge Pamela S. Hollis appears to have since been resolved. (*See* Case No. 10 B 34623 (Dkt. No. 37) (denying the confirmation of Miller's Chapter 13 plan).) Although there is no official dismissal order in the docket for case number 10 B 34623, this court takes judicial notice of the fact that no activity or scheduled activity has taken place in the case before Judge Hollis since December 2010. With no Chapter 13 cases currently pending in the bankruptcy court,[1] Miller's appeal before this court is not moot.

Having determined that this appeal is not moot, this court turns its attention to the substance of Miller's appeal. Miller argues that the bankruptcy court committed reversible error in three ways: (1) by failing to address the merits of Miller's "pre-petition tax issues"; (2) by failing to re-schedule the April 15 creditors meeting; and (3) by granting the Trustee's motion to dismiss for failure to file the schedules and plan.

The court addresses each of these arguments in turn.

2. The Bankruptcy Court's Failure to Consider "Pre-Petition Tax Issues"

---

[1] Miller also filed a separate Chapter 13 petition in case number 10 B 25290, which was dismissed by Judge Hollis on July 16, 2010 for failure to file the required documents under 11 U.S.C. § 521(a). (*See* Case No. 10 B 25290 (Dkt. No. 25).)

To the extent Miller contends that the bankruptcy court's failure to consider the pre-petition tax issues "impairs his constitutional right to maintain a Bankruptcy matter," (Miller's App. Br. 1), and that the bankruptcy court had a duty to move to withdraw the reference under 28 U.S.C. § 157(d), (Miller's App. Br. 21), this court finds no error requiring reversal.

At the outset, the bankruptcy court determined that Miller's tax issues were not relevant to Miller's ability to timely file his Chapter 13 schedules and plan. This finding is supported by governing law, insofar as the deadline for filing tax information is different than the deadline for filing the Chapter 13 schedules and plan. *Compare* 11 U.S.C. § 1308(a) (the debtor must generally file his tax returns before the § 341(a) creditors meeting), *with* Fed. R. Bankr. P. 1007(c), *and* Fed. R. Bankr. P. 3015(b) (the schedules and plan must generally be filed within fourteen days of the petition's filing). Although Miller explains why he had difficulty finding and filing the appropriate tax returns, he does not explain why these tax issues were in any way relevant to his ability to timely file his Chapter 13 schedules and plan. (*See* Miller's App. Br. 19-21.) This court finds these two issues to be distinguishable.

Miller additionally argues that the bankruptcy court had a sua sponte duty under 28 U.S.C. § 157(d) to move to withdraw the reference from the bankruptcy court to the district court. (Miller's App. Br. 21.) This argument is underdeveloped and unpersuasive. Section 157(d) states,

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This provision does not direct the *bankruptcy* court to do anything. Miller himself did not file a motion to withdraw the reference with the district court, and this court finds no duty of the bankruptcy court to raise the issue sue sponte under 28 U.S.C. § 157(d).

Similarly, the court is not persuaded that "[u]nder section 505 [the bankruptcy court] had a duty to determine Debtor's current tax liability." (Miller's App. Br. 23.) Section 505 states, "Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax . . . ." 11 U.S.C. § 505(a)(1). The bankruptcy court did not abuse its discretion by opting to address Miller's late and missing documents before assessing Miller's tax liability in this case. In light of Miller's extended difficulties filing his Chapter 13 schedules and plan, discussed in detail below, the court finds the bankruptcy court's decision to be reasonable.

3. The Bankruptcy Court's Failure to Reschedule the April 15 Creditors Meeting

Miller next contends that the bankruptcy court erred by disregarding his request for a new § 341(a) creditors meeting date at the April 6, 2010 hearing. (Miller's App. Br. 9-12.) Similarly, Miller argues that the Trustee acted "arbitrarily and capriciously" by failing to postpone the § 341(a) creditors meeting in light of Miller's April 22, 2010 deadline to file the required forms. (Miller's App. Br. 12-14.) Neither of these claims, however, is properly raised on appeal.

In accordance with 28 U.S.C. § 158(a), this court only has "jurisdiction to hear appeals from final judgments, orders, and decrees . . . ." 28 U.S.C. § 158(a)(1). The bankruptcy court granted the Trustee's motion to dismiss for a failure to file the required forms. (Case No. 10 B 11741 (Dkt. No. 21).) The bankruptcy court expressed no opinion as to the merits of the

7

Trustee's motion to dismiss for a lack of cooperation at the April 15 creditors meeting, instead

holding that the motion was moot.  (Case No. 10 B 11741(Dkt. No. 20).)  Whether the April 15

creditors meeting was properly held had no bearing on the bankruptcy court's decision regarding

Miller's failure to file documents, and this court need not reach the merits of any such argument

on appeal.

4.   The Bankruptcy Court's Decision to Dismiss Miller's Chapter 13 Bankruptcy Petition for
     Failure to File Schedules and Plan

        Pursuant to the Federal Rules of Bankruptcy Procedure, the required schedules for a

Chapter 13 petition, and the Chapter 13 plan itself, shall be filed within fourteen days after the

petition is filed.  Fed. R. Bankr. P. 1007(c); Fed. R. Bankr. P. 3015(b).  An extension of time

"may be granted only on motion for cause" and is left to the discretion of the presiding judge.

Fed. R. Bankr. P. 1007(a)(5); Fed. R. Bankr. P. 3015(b); *see also* Fed. R. Bankr. P. 9006(b)

(discussing when a court may, at its discretion, extend a deadline).  Notwithstanding these

procedures, a debtor in a voluntary Chapter 13 case generally has only forty-five days after the

filing of the petition to file the required information under § 521(a) before the case is

automatically dismissed.  11 U.S.C. § 521(i)(1).  "[T]he court may allow the debtor an additional

period of not to exceed 45 days to file the information required . . . if the court finds justification

for extending the period for the filing."  11 U.S.C. § 521(i)(3).  Once this statutory deadline has

passed, "any party in interest may request the court to enter an order dismissing the case."  11

U.S.C. § 521(i)(2).

        Miller argues that the Trustee's April 16, 2010 motion to dismiss for failure to file the

required documents under 11 U.S.C. § 521(a)(1) was not properly before the bankruptcy court,

because the motion was filed prior to the April 22, 2010 deadline. (Miller's App. Br. 18-19.) While it is undisputed that the Trustee's motion was filed before the April 22, 2010 deadline, the issued raises in the Trustee's motion were relevant and ripe at the time of the bankruptcy court's May 11, 2010 ruling. Accordingly, the bankruptcy court had jurisdiction to rule on the motion and did not abuse its discretion by so doing.

Miller further contends that the bankruptcy court improperly denied him the right to file a written response and conduct discovery under Federal Rule of Bankruptcy Procedure 9014 as to the Trustee's motions to dismiss. Rule 9014 states that "[n]o response [to a motion] is required under this rule unless the court directs otherwise." Fed. R. Bankr. P. 9014(a). The decision whether to allow Miller to file a written response or conduct discovery after the May 11, 2010 hearing was left to the bankruptcy court's discretion, which it chose not to exercise. This decision was not an abuse of discretion in light of the circumstances surrounding the dismissal. Miller had adequate notice of the Trustee's April 20, 2010 motion to dismiss for lack of cooperation, and knew the bankruptcy court could make a determination as to that motion at the May 11, 2010 hearing. *But cf. In re Bartle*, 560 F.3d 724, 729-30 (7th Cir. 2009) (giving the debtor "the benefit of the doubt and assum[ing] that he was erroneously deprived of an adequate opportunity to respond to the motion"). In fact, the bankruptcy court dismissed Miller's petition on other grounds, and found the Trustee's April 20, 2010 motion to be moot. Insofar as Miller requested additional discovery regarding his own participation at the April 15, 2010 creditors meeting, this request was likewise moot. Furthermore, Miller had an adequate opportunity to address the Trustee's April 16, 2010 motion to dismiss in open court at the May 11, 2010

hearing.  The bankruptcy court did not abuse its discretion by denying Miller the right to file a

subsequent written response to this motion. [2]

Miller's final argument essentially hinges on the bankruptcy court's decision to designate

as moot Miller's second and third motions to extend the time to file the requisite documents.

Miller asserts that the bankruptcy court should have granted his motions to extend the April 22,

2010 deadline because he could not obtain the "correct tax liability information" without the

extension: "[he] either [could not] complete his schedules or must necessarily furnish

questionable or false tax information since correct information is knowingly held by others (i.e.

the Receiver)."  (Miller's App. Br. 9.)

"The federal rules are riddled with time limits."  *Diaz v. Shallbetter*, 984 F.2d 850, 853

(7th Cir. 1993).  When a debtor fails to comply with those time limits, his case can be dismissed,

sua sponte, absent a showing of excusable neglect.  *See generally*, *In re Bluestein & Co.*, 68 F.3d

1022, 1025 (7th Cir. 1994) (internal quotes omitted) (reasoning that a court has an obligation to

manage its docket and may dismiss an action for a pattern of "delay or contumacious conduct").

The record is clear; Miller did not file the required documents by the April 22, 2010 deadline.  In

fact, Miller did not file the documents by the date of the hearing on May 11, 2010, which was

over fifty days after Miller filed his petition on March 18, 2010.

The bankruptcy judge in this case granted Miller's first motion to extend the deadlines on

April 6, 2010, which provided Miller with an additional three weeks (twenty-one days) beyond

---

[2] Even if this court were to conclude that the bankruptcy court abused its discretion, Miller's
argument would nonetheless fail because the error would be harmless.  Miller would have to
demonstrate that his "substantial rights [were] affected by the error, and that is true only if he
had a response to the government's motion[s] that might have altered the court's decision."  *In re
Bartle*, 560 F.3d at 730.  The information before this court fails to support such a conclusion.

the initial fourteen-day deadline of April 1, 2010 to file the requisite documents. By the time the

case was dismissed on May 11, 2010, an additional nineteen days had passed since the April 22,

2010 extended deadline, a rather significant amount of time in light of the general fourteen-day

standard for Chapter 13 filings. The plain language of Rule 1007(a) indicates that a bankruptcy

court judge need not grant every motion to extend time; rather, the rule states that an extension

of time "*may* be granted only on motion for cause shown." Fed. R. Bankr. P. 1007(a)(5)

(emphasis added); *see also* Fed R. Bankr. P. 3015(b) (the deadline "may not be extended [past

fourteen days] except for cause shown and on notice as the court may direct."). In light of the

fact that over forty-five days had passed since Miller filed his petition, Miller's Chapter 13

petition was *required* to be dismissed unless the bankruptcy court found justification to extend

the period. *See* 11 U.S.C. § 521(i)(3). At that point, the burden was on Miller to show cause as

to why his petition should not have been dismissed.

The record reveals that the bankruptcy court considered all of Miller's relevant

circumstances—including the difficulties Miller encountered while obtaining the tax returns for

his currency exchanges—before concluding that Miller lacked a sufficient explanation for failing

to file his documents. (5/2/2010 Hr'g Tr. at 5:7-17.) In granting the Trustee's motion, the judge

determined that Miller was not "pursuing this [bankruptcy case] in the proper spirit," (*id.* at 7:2-

3), an assessment the bankruptcy court was in the best position to make. *See A Bauer Mech.,*

*Inc. v. Joint Arbitration Bd.*, 562 F.3d 784, 793 (7th Cir. 2009) (noting that the reviewing court

"defer[s] to the [original] court's assessment because it was familiar with the case and therefore

in the best position to assess its complexity and the appropriate amount of time required for each

task."). There is sufficient evidence in the record to reasonably support the bankruptcy court's

determination.  For example, Miller did not meet with his accountant before filing his petition, and despite identifying potential tax issues at his April 6, 2010 court appearance, Miller did not speak with an IRS agent until April 26, 2010—four days *after* his scheduled deadline to file his Chapter 13 schedules and plan.  (Case No. 10 C 4432 (Dkt. No. 16) at ¶¶ 1, 6.)  Moreover, although Miller may have understandably been confused about the scope of the April 15 creditors meeting, his own explanation for not answering the Trustee's questions demonstrated an unreasonably suspicious and evasive attitude towards his Chapter 13 proceedings.  Under these circumstances, this court cannot conclude that the bankruptcy court abused its discretion by granting the Trustee's motion to dismiss and declaring as moot Miller's second and third motions to extend the deadline.

CONCLUSION

For the reasons set forth above, the decision of the bankruptcy court is affirmed.

ENTER:

James F. Holderman

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 15, 2011